■ In the Matter of the Claim of LAWRENCE MICALLEF, Respondent, against HARRY KRISCHER-BLANNER REALTY Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board allowing disability and death benefits. It is contended there was no accident and, in any event, no causal relationship to

the death. The decedent, age 39, 5 feet 1 inch in height, weighed approximately 160 pounds. In conjunction with her husband she was employed as a superintendent of an apartment building, containing 109 tenants, located at 9502 Kings Avenue, Brooklyn, New York. On June 13, 1955 part of a coping along the roof of the building fell into the street causing some excitement and commotion. Upon being informed, the deceased ran to the street and observing the condition apparently became alarmed and nervous and hurried around the location warning people to stay away from the sidewalk near the building and thereafter ran back into the building. Such activities constituted physical effort and exertion particularly under the facts herein where the decedent was described as an obese woman. Sometime later her husband upon entering their apartment found decedent on the floor, called a doctor and subsequently she was taken to a hospital, where her condition was diagnosed as a hemiplegia. On July 3, 1955, while still at the hospital she died. The events here described as to her activities are disputed by the appellants and their witnesses but the board has elected to accept the version of the claimant as a fact. Having so decided, there was substantial evidence to sustain the theory of emotional and physical stress constituting unusual strain and exertion. Such an emergency situation — the falling coping — was not the norm of the everyday work associated with the employment of the decedent. Thus, the happening of an accident was established. The hospital record disclosed decedent had episodes of early morning vomiting for some time prior to the occurrence herein and a week prior thereto some headaches but no history of any prior heart or vascular difficulties. No autopsy was performed. All of the medical testimony agreed as to the vascular disturbance or cerebral vascular accident, but there was disagreement as to whether the result was due to cerebral thrombosis or cerebral hemorrhage or cerebral embolus. One medic felt decedent had a rheumatic heart with fibrillation with multiple embolization. That there was some prior heart condition — unknown to decedent — was generally agreed. The element of speculation could not be eliminated, there being no prior history or autopsy following death. There was, however, support and well-opinioned testimony that the activities of decedent induced a vascular accident resulting in the hemiplegia and thus established the validity of the claimant's disability. The medical testimony as to causation between the occurrence on June 13 and the subsequent death on July 3, 1955, was in much more serious dispute. The record discloses that following the immediate shock period, decedent appeared to improve while in the hospital until about 48 hours before death when a "saddle emboli" developed. Surgery was necessitated and performed, and death ensued. There was medical testimony — including impartial specialist — of association or relationship between the original hemiplegia and the subsequent "saddle emboli", both being vascular disturbances. The damage to the brain — emboli — caused the hemiplegia and paralysis and thereafter — according to the pathology — a saddle emboli developed in the aorta causing a further burden on the heart and necessitating the operation. All of these conditions combined to cause death and were causally associated, directly or indirectly, with the original accident of June 13. Many times the medical testimony is in sharp dispute — even more than here — but if the board had a basis in fact, supported by substantial evidence, for their finding of causal relation then it is not reviewable in this court. We find such basis here. (*Matter of Palmero* v. *Gallucci & Sons*, 6 A D 2d 911, affd. 5 N Y 2d, 529.) While the board's finding of accidental injury is limited to "cerebral thrombosis" and "hemiplegia", we feel it is sufficient under the circumstances and little would be accomplished — except delay — by remitting for a broader finding. As to apportionment of wages and rate finding, the exercise of the

judgment of the board in this respect was within its province and based on testimony contained in the record. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.